**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSHUA D. SLINKARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  13-CV-0703-JED-PJC |
| | ) | |
| JANET DOWLING, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Doc. 1), filed by Petitioner Joshua

Slinkard, a state prisoner appearing *pro se*.  Respondent filed a response (Doc. 11) and provided the

state court records (Docs. 11, 12) necessary for adjudication of Petitioner's claims.  Petitioner filed

a reply to the response (Doc. 13).  Petitioner also filed a motion to amend his petition (Doc. 14).

Respondent filed a response in opposition to the motion (Doc. 16), and Petitioner filed a reply to the

response (Doc. 17).  For the reasons discussed below, the Court denies the motion to amend and

denies the petition for writ of habeas corpus.

## *BACKGROUND*

The record reflects that, on July 25, 2011, Petitioner, appearing with his court-appointed

attorney, Marny Hill, signed a Plea of Guilty Summary Facts form and pled guilty to seven counts

of child sexual abuse, one count of lewd molestation of a child under sixteen, and one count of

possession of chid pornography in Tulsa County District, Case No. CF-2011-504 (Doc. 11-4 at 1;

---

[1] Petitioner is in custody at Dick Conner Correctional Center, in Hominy, Oklahoma.
Pursuant to Rule 2(a), *Rules Governing Section 2254 Cases*, the proper party respondent in this case
is Janet Dowling, Warden.  Therefore, Janet Dowling, Warden, is substituted in place of Terry
Martin, Warden, as party respondent.  The Clerk of Court shall note the substitution on the record.

Doc. 11-5 at 1).  The trial court judge sentenced Petitioner to thirty (30) years imprisonment on each of the sexual abuse counts and on the molestation count and twenty (20) years imprisonment on the child pornography count (Doc. 11-5 at 1).  The judge ordered the sentences to run concurrently with each other (*id.*).

On July 29, 2011, Petitioner filed a timely motion to withdraw his guilty pleas (*see* Doc. 11-3).  In his motion, he alleged that "he was not in his right state of mind" when he entered his guilty pleas "due to his medication" and that he "felt undue pressure to sign the plea agreement" (*id.* at 1).  Attorney April Seibert represented Petitioner at his motion to withdraw his guilty plea hearing (Doc. 12-3 at 1).  At the hearing, Petitioner stated that, prior to pleading guilty, his attorney "came up and talked to me and basically told me she might be able to beat a few of the charges, but she didn't think she could beat it at trial" (*id.* at 7).  Petitioner also stated that, after his sentencing hearing, he asked to see a mental health doctor because he was "depressed and emotionally unstable" (*id.* at 8).  The doctor prescribed a mood stabilizing drug, and Petitioner avers that "a couple days after I had taken the medication I knew I had made a mistake and that I . . . felt pressured into accepting the deal, and it was something that I did not want to do" (*id.* at 9).  At the conclusion of the hearing, the trial judge denied Petitioner's motion to withdraw his guilty pleas (*id.* at 50).

Represented by attorney James Lockard, Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA) (*see* Doc. 11-4).  Petitioner raised the following proposition of error:

> Proposition 1:  Petitioner should be allowed to withdraw his guilty pleas, which were entered without sufficient deliberation and were not knowing and voluntary but the result of an unmedicated mental illness and inherently coercive circumstances.

(*Id.*).  In an unpublished Summary Opinion, filed on May 2, 2012, in Case No. C-2011-791, the

OCCA denied the petition (*see* Doc. 11-5).

On April 8, 2013, Petitioner filed an application for post-conviction relief in the state district

court (*see* Doc. 11-6).  In the application, Petitioner raised two propositions of error, as follows:

> Instance 1:   Petitioner received ineffective assistance of counsel during his plea
> bargaining process when counsel failed to pursue Petitioner's reasonable
> requests.
>
> Instance 2:   Petitioner received ineffective assistance [of] counsel during his hearing to
> withdraw his plea deal.

(*Id.*).  The state district judge denied the application, *see* Doc. 11-7, and Petitioner appealed.  On

October 3, 2013, the OCCA applied a procedural bar and affirmed the denial of the application (*see*

Doc. 11-9).

On October 23, 2013, Petitioner filed his federal petition for writ of habeas corpus (*see* Doc.

1).  In his petition, Petitioner raised three propositions of error, as follows:

> Ground 1:   The trial court erred when it accepted Petitioner's guilty pleas because the
> pleas were given without sufficient deliberation, were not voulantary [sic],
> but the result of an unmedicated mental illness and inherently coercive
> circumstances. The trial court's error violated Petitioner's due process rights
> to a fundamentally fair trial as guaranteed by the Fifth, Sixth and Fourteenth
> Amendments to the U.S. Constitution.
>
> Ground 2:   Petitioner received ineffective assistance of trial counsel during his plea
> bargaining [sic] process.  Trial counsel's deficient performance violated the
> Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> Ground 3:   Petitioner received ineffective assistance of counsel during his hearing to
> withdraw his plea agreement.

(*Id.*).

On September 11, 2014, more than ten (10) months after filing his federal petition for writ

of habeas corpus, Petitioner filed a second application for post-conviction relief in the state district

court (*see* Doc. 16-1).  In his appeal from the trial court's denial of his second application, Petitioner raised one proposition of error, as follows:

> Instance 1:   Newly discovered evidence shows that Petitioner's stepdaughter . . . has accused another person of sexual assault, thereby establishing that she has the propensity to lie about being sexually abused and/or assaulted; therefore, the allegation against Petitioner is part of a pattern of false abuse.

(Doc. 16-3).  By Order filed July 2, 2015, the OCCA affirmed the denial of the second application for post-conviction relief, concluding that "Petitioner does not demonstrate how this letter [stating that S.S. had been the victim of an unrelated rape] would affect his proceeding. . . . Petitioner fails to establish that there is a reasonable probability that this letter would have changed the outcome in this case" (*see* Doc. 16-4 at 3).

On November 5, 2015, in this habeas action, Petitioner filed a "Motion [for] Leave to Amend Petition for Writ of Habeas Corpus" (*see* Doc. 14).  In his proposed "amended and supplemented petition," attached to the motion to amend, Petitioner identifies four grounds of error, as follows:

> Ground 1:   Mr. Slinkard received ineffective assistance of trial counsel during the plea bargaining process when counsel failed to perform an adequate pre-trial instigation [sic] and arranged a plea agreement without his knowledge or consent.   Trial counsel's deficient performance violated Mr. Slinkard's Fourteenth Amendment to the U.S. Constitution and the Oklahoma Constitution Article II §20.

> Ground 2:   The trial court erred when it accepted Mr. Slinkard's plea agreement because it was not voluntary, given without sufficient deliberation and was the result of inherently coercive circumstances by his attorneys.  The trial court's error violated Mr. Slinkard's due process rights to a fundamentally fair trial as guaranteed by the Fourteenth Amendment to the U.S. Constitution and the Oklahoma Constitution Article II § 20.

> Ground 3:   Mr. Slinkard received ineffective assistance of counsel during his hearing to withdraw his plea agreement.

> Ground 4:   Newly discovered evidence establishes that S.S. not only had the propensity to lie about being sexually abused and/or assaulted, but also establishes a

4

pattern of false allegations of abuse, including the allegations against Mr. Slinkard.

(*Id.*).  In response to the motion, Respondent argues that "[t]he claims Petitioner seeks to add in an amended habeas petition are time barred and do not relate back to any claim contained in the original habeas petition" and that "Petitioner's motion should be denied under Federal Rules of Civil Procedure, Rule 15(a)(2)" (*see* Doc. 16).

## *ANALYSIS*

### A.    **Exhaustion**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b).  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Petitioner presented the claims raised in the petition to the OCCA on certiorari and post-conviction appeal.  Therefore, he has exhausted his state court remedies as to those claims.

### B.    **Appointment of Counsel/Evidentiary Hearing**

Petitioner requests appointment of counsel.  The Court denies Petitioner's request.  There is no constitutional right to counsel beyond the direct appeal of a conviction.  *See Swazo v. Wyoming Dep't of Corrs.*, 23 F.3d 332 (10th Cir. 1994).

The Court also denies Petitioner's motion for an evidentiary hearing.  Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  *See Williams v. Taylor*, 529 U.S. 420 (2000) (explaining considerations for evidentiary hearings in habeas corpus cases); *Miller v. Champion*, 161 F.3d 1249 (10th Cir. 1998).

### C.    **Motion to Amend**

Petitioner filed his motion to amend (Doc. 14) on November 5, 2015.  In his proposed amended petition, Petitioner claims that he "received ineffective assistance of trial counsel during

the plea bargaining process when counsel failed to perform an adequate pre-trial instigation [sic] and arranged a plea agreement without his knowledge or consent" (Ground 1); that his guilty plea was not entered into voluntarily and was "given without sufficient deliberation" (Ground 2); that he "received ineffective assistance of counsel during his hearing to withdraw his plea agreement" (Ground 3); and that "[n]ewly discovered evidence establishes that [the victim] not only had a propensity to lie about being sexually abused and/or assaulted, but also establishes a pattern of false allegations or abuse, including the allegations against [Petitioner]" (Ground 4) (*see* Doc. 14). Ground 2 and part of Ground 3 are raised in the original petition. *See* Doc. 1.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. The enactment of AEDPA in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of *Lundy*, 455 U.S. at 510, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). While he timely filed his habeas petition, Petitioner filed his motion to amend more than two (2) years after he filed his original petition and more than one (1) year past the 1-year statute of limitations deadline.[2] Therefore, unless Petitioner is entitled to

---

[2] Petitioner's conviction became final on July 31, 2012, 90 days after the OCCA affirmed his convictions and sentences on certiorari appeal and he failed to file a petition for writ of certiorari at the United States Supreme Court. Therefore, Petitioner's 1-year limitations period began to run on August 1, 2012, and, in the absence of statutory or equitable tolling, his deadline for filing a timely petition for writ of habeas corpus was August 1, 2013. *See U.S. v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Under 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the pendency of Petitioner's post-conviction proceeding filed within the one year statute of limitations. When Petitioner filed his first application for post-conviction relief in Tulsa County District Court, Case No. CF-2011-504, on April 8, 2013, 115 days remained in his one year period. When the OCCA affirmed the denial of post-conviction relief on October 3, 2013, Petitioner

equitable tolling of the limitations period or the new claims raised in the proposed amended petition relate back to the original petition, the motion to amend is untimely.

### 1.    Grounds 1 and 3: Ineffective Assistance of Counsel

In Ground 1 of the proposed amended petition, Petitioner avers that his counsel was ineffective because she "failed to perform an adequate pre-trial instigation [sic] and arranged a plea agreement without his knowledge or consent" (Doc. 14 at 5).  In Ground 3, Petitioner raises a new claim of ineffective assistance of counsel during the hearing on his motion to withdraw pleas (*id.* at 20).  Petitioner alleges that, during his motion to withdraw hearing, his counsel was ineffective for failing to "elaborate on what trial defenses [] Mr. Slinkard and Ms. Hill had discussed" (*id.*). Petitioner did not include this claim, or the claims in Ground 1, in his original petition.

Petitioner fails to demonstrate entitlement to equitable tolling of the one-year limitations period.  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'"  *Yang v. Archuleta*, 525 F.3d

---

had 115 days to file timely habeas claims, or until Monday, January 27, 2014.  Petitioner filed his second application for post-conviction relief on September 11, 2014, or after expiration of the one year limitations period.  As a result, Petitioner is not entitled to statutory tolling during the pendency of the second post-conviction proceeding.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Thus, Petitioner's original petition, filed October 23, 2013, is timely.  However, any new claim raised in the motion to amend, filed November 5, 2015, is untimely.

925, 928 (10th Cir. 2008) (citation omitted).  Equitable tolling applies only in "rare and exceptional

circumstances."  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

Petitioner fails to show that "some extraordinary circumstance stood in his way" preventing

him from filing a timely motion to amend as to new claims raised in Grounds 1 and 3 of the

proposed amended petition.  Petitioner presents no argument as to why he could not have included

those claims in his original petition.  A review of the record reveals that Petitioner presented claims

of ineffective assistance of trial counsel on certiorari appeal, in his first post-conviction proceeding,

and in his original habeas petition and should have been aware of the factual bases of his new claims

at that time.  Thus, without more, Petitioner fails to show "rare and exceptional circumstances" that

justify equitable tolling.

Because Petitioner's motion to amend is untimely under the AEDPA, the motion must be

denied unless the new claims raised in the proposed amended petition relate back to the date of the

original petition, *see* Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended

pleading relates back to the date of the original pleading).  *See U.S. v. Espinoza-Saenz*, 235 F.3d 501

(10th Cir. 2000); *see also Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing

*Espinoza-Saenz*, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion

which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may,

in the District Court's discretion, relate back to the date of the original motion *if and only if*  the

original motion was timely filed and *the proposed amendment does not seek to add a new claim or

to insert a new theory into the case*" (emphasis in original)); *U.S. v. Duffus*, 174 F.3d 333 (3d Cir.

1999).  While an amendment can relate back to the original filing date if "the amendment asserts a

claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be

set out-in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), with respect to amendment of habeas petitions, the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).  That the grounds for relief are related to the petitioner's trial and conviction is, by itself, insufficient.  *Id.*  Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

Upon review of the original petition and the propose amended petition, the Court finds that the claims raised in Ground 1 and the additional claim raised in Ground 3 of the proposed amended petition do not relate back to the original petition.  The Court finds that the claims are new claims and serve to insert new theories into the case.  For that reason, the claims do not relate back to the original petition.  Therefore, the claims raised in Ground 1 and the new claim raised in Ground 3 are time-barred.

### 2.      Ground 4: Newly Discovered Evidence

In Ground 4 of the proposed amended petition, Petitioner avers that "[n]ewly discovered evidence establishes that S.S. not only had the propensity to lie about being sexually abused and/or assaulted, but also establishes a pattern of false allegation of abuse, including the allegations against Mr. Slinkard" (Doc. 14 at 21).  Petitioner appears to be presenting a claim of actual innocence.  A claim of actual innocence may overcome the bar resulting from the one-year statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); *Laurson v.*

*Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA

statute of limitations."). Our Circuit has "stress[ed] that this actual innocence exception is rare and

will only be applied in the extraordinary case." *Lopez*, 628 F.3d at 1231 (internal quotation marks

omitted). To take advantage of the "actual innocence" gateway, a habeas petitioner must "present

[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ."

*Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of

constitutional error with new reliable evidence – whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*

at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that

no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327;

*see House v. Bell*, 547 U.S. 518, 536-37 (2006). "Actual innocence" in this context refers to factual

innocence and not mere legal sufficiency. *Bousley v. U.S.*, 523 U .S. 614, 623-24 (1998).

Petitioner contends that, in July of 2014, he received a letter from his wife containing

information that "establish[ed] S.S.'s pattern of false allegations and propensity to lie" (Doc. 14 at

22). In the letter, Petitioner's wife stated that,

> [i]t's hard with everything. Not to mention trying to take care of [redacted] and
> [redacted]. She does have problems. Not just with you and her dad. She was also
> raped during the summer by a friend. I don't know what you think. But I also want
> to know what and how you think about her. Please wright [sic] me back about this.
> Not over the phone. They record it.

(Doc. 16-1 at 6). Contrary to Petitioner's assertion that his wife "is admitting [in her letter] that her

daughter has a propensity to **FALSELY** accuse others of sexual abuse and /or assault" (Doc. 14 at

21-22 (emphasis in original)), Petitioner's wife does not state – or even intimate – that S.S. falsely

accused someone else of rape.  Instead, she states that S.S. was raped.  Petitioner presents no evidence to show that S.S. lied about this, or any other, incident of sexual assault.

Additionally, the State presented significant evidence of Petitioner's guilt at his preliminary hearing.  At that time, Detective Jeanne Mackenzie testified that she spoke with Petitioner and that "he admitted that he took [S.S.'s] hand and touched [M.H.'s] area, general area is the words he used, and then he took [M.H.'s] hand and did the same thing to [S.S.]" (Doc. 12-1, Tr. Prelim. Hr'g at 60-61).  Petitioner also stated "that he has clicked on a couple or he clicked on some things that said child porn, but they weren't actually child porn so he deleted them" (*id.* at 61).  In his Plea of Guilty Summary of Facts, Petitioner stated that:

> [b]etween 11/1/08 and 1/11/11 in Tulsa Co. I touched the private parts of a child under 12 on 7 different occasions while I was responsible for their care.

> I also . . . had a minor touch the privates of another minor.  I also possessed videos of under-age girls engaged in lewd sexual acts.

(Doc. 11-1 at 3).  The new evidence Petitioner presents is not sufficient to undermine confidence in Petitioner's convictions.  Petitioner is not entitled to equitable tolling based on actual innocence.

For the reasons stated above, the Court denies Petitioner's motion to amend.  The motion to amend is untimely and the claims raised in Ground 1 and the new claim raised in Ground 3 do not relate back to the original petition.  Petitioner is not entitled to equitable tolling based on actual innocence on Ground 4.  Additionally, it would be futile to allow Petitioner to amend his petition as to Ground 2 or the remainder of Ground 3 as the Court would deny relief on both propositions, as presented in the amended complaint.  Therefore, the Court denies the motion to amend.

**D.      Claims Presented in Petition for Writ of Habeas Corpus**

Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." *White*, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (citation and internal quotation marks omitted); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

**1.      Ground 1: Acceptance of Guilty Pleas**

As his first ground of error, Petitioner contends that "[t]he trial court erred when it accepted Petitioner's guilty pleas because the pleas were given without sufficient deliberation, were not voulantary [sic], but the result of an unmedicated mental illness and inherently coercive

12

circumstances" (Doc. 1 at 6).  On certiorari appeal, the OCCA determined that "[t]he record does not support Petitioner's claim that" untreated mental illness "made him 'particularly susceptible to the coercive circumstances of being forced to make a snap decision, without adequate time for deliberation'" (Doc. 11-5 at 2 (citation omitted)).  Instead, the OCCA determined that "the record shows a knowing and voluntary plea with Petitioner fully aware of the nature and consequence of the proceedings against him" and that "[w]ithdrawal of the guilty pleas is not warranted" (*id.* at 2-3).

To prevail on this claim, Petitioner must show his guilty plea was not entered into "knowingly and voluntarily." *Boykin v. Alabama*, 395 U.S. 238 (1969).  "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." *U.S. v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir.2002) (citations and internal quotation marks omitted).  A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. *Worthen v. Meachum*, 842 F.2d 1179, 1182 (10th Cir.1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991).  Further, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. *Stinson v. Turner*, 473 F.2d 913 (10th Cir.1973).  "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir.2002) (citation omitted).  The "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As stated above, the OCCA found that Petitioner failed to demonstrate that his pleas of guilty were unknowing or involuntary (*see* Doc. 11-5), and Petitioner has not shown, by clear and convincing evidence, that the OCCA's factual finding was incorrect. *See* 28 U.S.C. § 2254(e)(1). In his petition for writ of habeas corpus, Petitioner avers that he was coerced into pleading guilty because his attorney "told Petitioner she thought he was guilty, she was not taking his case to trial and told him to accept the plea offer before the judge entered the courtroom" (Doc. 1 at 7). Contrary to Petitioner's assertion, the record supports the OCCA's finding that Petitioner's plea was knowing and voluntary. In his Plea of Guilty Summary of Facts, Petitioner affirmed that he had not been "forced, abused, mistreated, or promised anything by anyone to have you enter your plea(s)" and that he had "[pled] guilty of your own free will and without any coercion or compulsion of any kind" (Doc. 11-1 at 3). Petitioner also stated on the form that he had "touched the private parts of a child under 12 on 7 different occasions," "had a minor touch the privates of another minor," and "possessed videos of under-age girls engaged in lewd sexual acts" (*id.*).

Additionally, at his sentencing hearing, Petitioner answered "no" when the trial judge asked him whether anyone had "force[d] you, threaten[ed] you or promise[d] you anything to get you to" plead guilty or whether he had been "forced, abused, mistreated or promised anything by anyone to have you enter your pleas" (Doc. 12-2, Tr. Sent. Hr'g at 5, 8). Petitioner answered affirmatively when the judge inquired whether Petitioner "[pled] guilty of your own free will without any coercion or compulsion of any kind" (*id.* at 8). Petitioner also answered affirmatively when the judge asked whether he was "pleading guilty because you are guilty and for no other reason" (*id.* at 6-7).

In his habeas petition, Petitioner also asserts that "[a]t the time Petitioner entered his guilty pleas . . . he had been feeling depressed and emotionally unstable" and his mental condition "made

him very subceptible [sic] to making a snap decision without adequate time for deliberation" (Doc. 1 at 9).  As stated above, the OCCA addressed this claim on certiorari appeal and found that "[t]he record does not support Petitioner's claim that his ability to make a knowing and voluntary decision on whether to accept the State's plea offer was substantially impaired by his untreated depression." (Doc. 11-5 at 2 (internal quotation marks omitted).  This Court agrees with the OCCA.  The record reflects that Petitioner averred that he understood "the nature and consequences" of the guilty plea proceeding.  *See* Doc. 11-1 at 1.  In addition, Petitioner denied that he had ever been treated for a mental illness.  *Id.*  Also, the State had offered Petitioner a plea bargain on two prior occasions (Doc. 12-3, Tr. Mot. to Withdraw Hr'g at 6).  Before his preliminary hearing, the State offered Petitioner 30 years, and Petitioner rejected the offer (*id.*).  After his preliminary hearing, conducted on May 11, 2011, the State offered Petitioner 35 years, and Petitioner rejected the offer (*id.*).  Taking these two prior offers into account, Petitioner was not forced to make a "snap" decision.  Instead, Petitioner had a substantial amount of time to consider whether he wished to accept a plea offer, and Petitioner presents no evidence showing that his emotional state on July 25, 2011, the day he entered his pleas, prevented him from entering knowing and voluntary pleas.

Petitioner has not shown, by clear and convincing evidence, that the OCCA's finding that his guilty pleas were knowing and voluntary was incorrect.  Therefore, the Court cannot find the OCCA's adjudication of Petitioner's claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The Court denies habeas corpus relief on Ground 1.

15

2.        **Grounds 2 and 3: Procedural Bar**

In Ground 2, Petitioner contends that he "received ineffective assistance of trial counsel during his plea bargaining [sic] process" (Doc. 1 at 10).  Specifically, Petitioner alleges, first, that "he wanted a jury trial" and "[i]t was Ms. Hill's duty to be loyal to her client's wishes" (*id.* at 11 (citation omitted)); second, that his "counsel believed that he was guilty and refused to help in any manner" (*id.* at 12); and third, that "sufficient evidence could have been presented to show the State could not prove the charged offenses beyond a reasonable doubt" (*id.* at 13).  In Ground 3, Petitioner contends that he "received ineffective assistance of counsel during his hearing to withdraw his plea agreement" (*id.* at 20).  Petitioner first presented the claims raised in Grounds 2 and 3 to the OCCA on post-conviction appeal (*see* Doc. 11-8).  Addressing those claims, the OCCA applied a procedural bar (*see* Doc. 11-9).  The OCCA cited state law and found that "Petitioner's propositions of error either were or could have been raised in his previous appeal of the denial of his motion to withdraw his plea, and are thus barred or waived" (*id.* at 2 (citation omitted)).

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995); *Gilbert v. Scott*, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes*, 46 F.3d at 985.  A finding of procedural default is an adequate

state ground if it has been applied to "similar" claims evenhandedly "in the vast majority of cases." *Id.* at 986 (internal quotation omitted).

Applying the principles of procedural bar to this case, the Court concludes that the OCCA's procedural bar, based on Petitioner's failure to raise his claims on certiorari appeal, was independent because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." *See Maes*, 46 F.3d 979, 985 (10th Cir. 1995). The OCCA based its decision solely upon Oklahoma rules and case law, including Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1089.

As to the adequacy of the procedural bar, when the underlying claim is ineffective assistance of counsel, the Tenth Circuit has recognized that countervailing concerns justify an exception to the general rule of procedural default. *Brecheen v. Reynolds*, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." *Id.* at 1364 (citation omitted)). The Tenth Circuit explicitly narrowed the circumstances requiring recognition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in *English v. Cody*, 146 F.3d 1257 (10th Cir. 1998). In *English*, the circuit court concluded that:

> *Kimmelman*, *Osborn*, and *Brecheen* indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

*Id.* at 1264 (citation omitted).

17

In this case, attorney Marny Hill represented Petitioner at his sentencing hearing, and attorney April Seibert represented Petitioner at his motion to withdraw hearing.  Attorney James Lockard represented Petitioner on appeal.  For the purposes of the first requirement identified in *English*, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal.  The second *English* factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  *Id.* at 1263-64.  Petitioner's defaulted claims are that Hill refused to take the case to trial even though the State's case was legally insufficient and refused to assist Petitioner in any way and that Seibert was unprepared for the motion to withdraw hearing because she had not "reviewed any of Petitioner's plea agreement transcripts" (Doc. 1 at 19).  These claims can be resolved upon the trial record alone.  As a result, Petitioner has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of counsel raised in Grounds 2 and 3 are procedurally barred.

Habeas review of Grounds 2 and 3 is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  *See id.* Petitioner does not allege that any external factor impeded his efforts to comply with the state's

procedural rules.  Therefore, The Court finds that Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993); *Sawyer v. Whitley*, 505 U.S. 333, 339-41 (1992); *see Schlup*, 513 U.S. 298. To meet this test, a criminal defendant must make a colorable showing of factual innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (citing *Herrera*, 506 U.S. at 404). Under *Schlup*, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Schlup*, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. "The exception is intended for those rare situations where the State has convicted the wrong person of the crime . . . . [Or where] it is evident that the law has made a mistake." *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (internal quotation marks and citation omitted).

In his petition for writ of habeas corpus, Petitioner presents a claim not of actual innocence but of legal insufficiency.  Petitioner states that "had Petitioner's counsel been loyal to Petitioner's wishes and prepare [sic] his case for trial, sufficient evidence could have been presented to show the State could not prove the charged offenses beyond a reasonable doubt" and that "the State had no substantial evidence against Petitioner because S.S. was shown to have the propensity to lie, M.H. recanted the alleged abuse and it could <u>not</u> be proven that Petitioner had anything to do with the alleged child pornography on the computer" (Doc. 1 at 12-13, 18, 20).  Therefore, because Petitioner

19

does not assert a claim of actual innocence, he does not fall within the fundamental miscarriage of justice exception.

Accordingly, because Petitioner has not demonstrated "cause" or that a "fundamental miscarriage of justice" will result if his claims raised in Grounds 2 and 3 claim are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's Grounds 2 and 3.   *Coleman*, 501 U.S. at 750.  The Court denies habeas corpus relief on Grounds 2 and 3.

## E.      Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the

decision by the OCCA is debatable among jurists of reason.  *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).  As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect.  The Court denies a certificate of appealability.

### *CONCLUSION*

The Court denies Petitioner's motion to amend, request for an evidentiary hearing, and request for appointment of counsel.  Additionally, after careful review of the record,  the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.  Therefore, his petition for writ of habeas corpus is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     The Clerk of Court shall note the **substitution** of Janet Dowling, Warden, as party respondent in place of Terry Martin, Warden.

2.     Petitioner's motion to amend (Doc. 14) is **denied**.

3.     The petition for a writ of habeas corpus (Doc. 1) is **denied**.

4.     A certificate of appealability is **denied**.

5.     A separate Judgment shall be entered in this case.

ORDERED THIS 9th day of August, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

21